[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: March 29, 1994 Date of Application: April 8, 1994 Date Application Filed: April 11, 1994 Date of Decision: January 23, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury at Waterbury. Docket No. CR4-214552.
Paul Haringa, Esq. Defense Counsel, for Petitioner.
John Connelly, Esq. for the State of Connecticut.
BY THE DIVISION
After an Alford plea of guilty, the petitioner was convicted of Conspiracy to Commit Assault First Degree, in violation of Conn. Gen. Stat. § 53a-48, 53a-59(a)(1). As a result of the plea the court sentenced the petitioner to CT Page 1287-C twenty years to serve.
The record shows that the Waterbury Police were dispatched to 68 Lester Drive on an assault complaint and upon arrival found a twenty-two year old female suffering from multiple stab wounds to the chest and one to her head. The victim then died.
The victim in this matter was living with the petitioner's estranged husband. The petitioner along with other members of the Los Solidos gang went to the victim's house and inflicted the various injuries noted.
At the hearing counsel for the petitioner argued that the petitioner's mother, who was one of the five co-defendants in this sordid affair, only received twelve years to serve after being convicted by a jury. Counsel claimed that the mother was more culpable and that the facts show that the petitioner was not involved in the actual injuries to the victim. Counsel felt that the petitioner's sentence was unreasonable when compared to the twelve year sentence imposed by the trial court after a conviction by a jury.
The State's Attorney pointed out to the panel that the other four co-defendants received sentences ranging from forty years to twenty-five years with twenty-five being the lowest imposed. Counsel noted that the petitioner called the gang members to initiate the confrontation and that she must be considered as the instigator of the actions that brought about the death of this young woman.
In reviewing the remarks of the sentencing court, we note that she was outraged by the crime the petitioner was involved in, "I just would say that this is without a doubt one of the most horrendous, horrible crimes that I have seen in twenty-two years on the bench as a judge. The situation where three children will have their mother back eventually but there's one child who'll never have his mother again . . . ."
This division must review the trial court's sentence in light of Practice Book § 942. The crime here was a series of senseless and purposeful violence in which the petitioner was deeply involved that led to the death of another person. The sentencing court properly utilized all factors necessary in imposing the sentence of the petitioner. We conclude the CT Page 1287-D sentence to be appropriate and not disproportionate in light of the nature of the crime.
Purtill, J.
Norko, J.
Klaczak, J.
Purtill, J., Norko, J. and Klaczak, J., participated in this decision.